IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**RAUL ROBERTO SUERO-TORRES,**<br>Defendant. | **CRIMINAL NO. 25-419 (SCC)** |

### RESPONSE TO DEFENDANT'S INFORMATIVE MOTION AT ECF NO. 28

TO THE HONORABLE COURT:

COMES NOW the undersigned attorney and before this Honorable Court very respectfully to clarify the record and states as follow:

1. The assertions made in defendant's informative motion filed on December 2, 2025, at ECF No. 28, are not accurate and do not tell the complete story. The motion, perhaps inadvertently, omits important information that may lead the Court to the wrong impression of what transpired.

2. The assertions and omissions in defendant's motion at ECF No. 28, appear to question the United States or the undersigned's disposition to comply with the Court's order. Furthermore, the assertions and omissions in defendant's motion, appear to suggest that the United States or the undersigned are to carry the blame for defendant's failure to comply with the Court's deadline and order. The United States emphatically denies these imputations and deems that they require a response so that the Court may have the complete context.

3. Particularly, the motion asserts that "in an effort to comply with the Court's order, [the defense] drafted a joint motion in compliance and sent it to counsel for the government via email on December 1, 2025, for review." However, the motion omits that the defense's drafted motion in compliance was sent via email at COB **at 5:52 p.m.** on the date of the deadline.

-1-

4.      The motion further omits that all the information included in the defense's draft of the "joint motion in compliance" sent to the undersigned on December 1, 2025, at **5:52 p.m.**, was included in the United States' informative motion filed at ECF No. 27. The substance of the defense's proposed "joint motion in compliance" sent to the undersigned on December 1, 2025, at **5:52 p.m.,** were limited references to six docket entries in this case.[1] The United States' motion, however, did provide more details and pertinent information which are all part of the record in this case.

5.      Furthermore, the defense's proposed "joint motion in compliance" sent to the undersigned on December 1, 2025, at **5:52 p.m.**, provided that "[defendant] filed a motion for de novo bail hearing", and that the "parties [were] waiting for the court's ruling on the motion". In the United States' informative motion filed at ECF No. 27, the undersigned did inform that it was his understanding that "defendant was waiting for the court's ruling on the motion." However, the undersigned deemed appropriate to inform the Court of the United States' intention to respond to defendant's motion for a de novo bail hearing considering the response was due on December 5, 2025. (ECF No. 26: "MOTION for Bond, MOTION for DeNovo Hearing by Raul Roberto Suero-Torres"). **Responses due by 12/5/2025**). What the undersigned cannot do is acquiesce to a joint informative motion that limits the United States' perspective of the status of the case and waives its opportunity to respond to a pending motion. This matter, however, is now moot. The Court has jurisdiction to review a Magistrate Judge's detention order and determined to hold a de novo hearing on December 12, 2025.[2] The United States will address the matter of detention at the appropriate time for the Court's de novo review.

---

[1] ECF Nos. 10, 12, 19, 22, 24 and 25.
[2] *See* ECF No. 29.

6. Furthermore, as provided by the record in this case, it was the defendant that requested additional time to review the discovery and the filing of a motion informing the Court of the status of the case.[3] The weight of the evidence against the defendant is strong and the discovery is straight forward. The evidence includes, but is not limited to, records of defendant's previous aggravated felony conviction; records of his previous removal from the United States; as well as defendant's own admissions of the offense charged. Defendant has the right to enter a straight plea, or he can exercise his right to go to trial and will continue to do so if detained or released on conditions.

7. Defendant's motion at ECF No. 28, further asserts that the defense "invited any changes or edits that the government saw fit and to inform [the defense] of the same for filing." Defendant's motion further asserts that "the government never responded to [the defense's] email" and instead "filed their own unilateral informative motion". However, defendant's motion omits that the undersigned attempted to contact the defense after reviewing the motion but was not able to reach the defense. After reviewing the motion and additional records of this case, the undersigned made a call to the defense at **6:58 p.m.**, on December 1, 2025, to address this matter but the call was not answered.

8. Furthermore, defendant's motion at ECF No. 28, omits that the parties briefly discussed this matter the morning of December 2, 2025, after the filing of the United States' motion at ECF No. 27, and prior to the filing of Defendant's motion. The undersigned informed the defense of his call to attempt to resolve this matter prior to filing the United States' motion. The undersigned further informed that there were no objections from his part to the defense's filing of an informative motion with defendant's own perspective of the status of the case.

---

[3] *See* ECF No. 22.

9. In the United States informative motion, the undersigned conveyed its position unequivocally. The United States informed the Court that the parties had not been able to reach an agreement regarding the language of the motion by the Court's deadline. This matter is confirmed by defendant's own informative motion. Furthermore, the United States' motion, contrary to defendant's motion, did not deny the undersigned's responsibility for not being able to comply with the Court's deadline, question the defense's efforts or disposition to comply with the Court's order, place any negative connotations on the defense or defense counsel, or characterize the communications in an unfavorable light for the defense or defense counsel.

10. The United States has sought to keep the Court informed as ordered without limiting its perspective of the status of the case or limiting its ability to respond to any motions still pending. The defense doesn't have to agree with the United States' position, however, any mischaracterizations of the United States or the undersigned's willingness or disposition to comply with the Court's orders are completely incorrect.

WHEREFORE, the United States respectfully requests that this Honorable Court take notice of the forgoing.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, on December 4, 2025.

W. Stephen Muldrow
United States Attorney

s/ *Manuel Muñiz-Lorenzi*
Manuel Muñiz-Lorenzi
USDC # G03304
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*s/ Manuel Muñiz-Lorenzi*
Manuel Muñiz-Lorenzi
Assistant United States Attorney
