IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
 Plaintiff,

 v.

**RAUL ROBERTO SUERO-TORRES,**
 Defendant.

Crim No. 25-419 (SCC)

## UNITED STATES' POSITION REGARDING DETENTION

☒ The United States moves for detention based on current information. The United States' position in this preliminary pleading could change after learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2232b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribe; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46 U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☒ **(D)** any felony if the defendant has been convicted of two or more offenses described in (A) through (C) above, or two or more State or local offenses that would have been offenses described in (A) through (C) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:
  ☒ **(A)** a serious risk the defendant will flee; **or**
  ☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Rebuttable Presumption

☐ A rebuttable presumption applies, and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

  ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:
    **(A)** The defendant has previously been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***
    **(B)** The defendant committed that offense while on release pending trial for a Federal, State, or local offense; ***and***
    **(C)** A period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

  ☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(A)** an offense for which maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
    ☐ **(B)** an offense under 18 U.S.C. §§ 924(a), 956(a), or 2332b;
    ☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
    ☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
    ☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).
- Defendant was charged with violations to 8 U.S.C. § 1326(a) and (b)(2) (Re-entry of Removed Alien Subsequent to an Aggravated Felony Conviction). The nature and circumstances of the offense involves the deliberated concealment from the government. Defendant's motive to commit the offense supports his motive to flee. If released on bond defendant would be a temporary visitor in the street of the United States whit the only likely result of coming back to Court is additional prison time followed by another removal from the United States. Defendant was removed and warned that coming back to the United States is a felony.

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).
- The evidence includes, but is not limited to, records of defendant's previous aggravated felony conviction; records of his previous removal from the United States; as well as defendant's own admissions of the offense charged.

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).
- Defendant declined to be interview by the United States Probation Office (USPO), pre-trial services, thus, no personal, background, or financial information has been verified.

☒ Whether at the time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)). *See* Exhibit 1 for records of certified convictions.
- On June 21, 2010, defendant plead guilty and was convicted for an accident involving damage to an attended vehicle and was sentenced to 9 months of probation on September 1, 2010. (Defendant also committed the offenses charged in Case No. CP-28-CR-0001945-2010 while on probation).
    o **Case No. CP-28-CR-0000657-2010**
      Count 1: Accident Involving Damage to an Attended Vehicle. On January 17, 2010, defendant, being the driver of a vehicle involved in an accident resulting in damage to an operated vehicle, fail to immediately stop the vehicle at the scene of

3

the accident or as close thereto as possible and/or did fail to return to the scene of the accident to give information or render aid.
- Defendant was also convicted was of five criminal offenses in three criminal actions in the 39th Judicial District of Pennsylvania
    - **Case No. CP-28-CR-0002100-2010**
      **Count 1:** Unlawful Delivery of a Schedule II Controlled Substance. On October 16, 2009, defendant deliver cocaine, a schedule II Controlled substance, to a confidential informant.
    - **Case No. CP-28-CR-0002104-2010**
      **Count 1**: Unlawful Delivery of a Schedule II Controlled Substance. On October 20, 2009, defendant deliver cocaine, a schedule II Controlled substance, to a confidential informant.
      **Count 2:** Criminal Use of a Communication Facility. On October 20, 2009, defendant used a cellular telephone to facilitate the crime of delivery of cocaine, a schedule II controlled substance.
    - **Case No. CP-28-CR-0001945-2010**
      **Count 1:** Unlawful Delivery of a Schedule II Controlled Substance. On October 1, 2010, defendant deliver cocaine, a schedule II Controlled substance, to a confidential informant. Defendant committed this offense while serving his 9-month sentence of probation in Case No. CP-28-CR-0000657-2010.
      **Count 2:** Criminal Use of a Communication Facility. On October 1, 2010, defendant used a cellular telephone to facilitate the crime of delivery of cocaine, a schedule II controlled substance. Defendant committed this offense while serving his 9-month sentence of probation in Case No. CP-28-CR-0000657-2010.

☒ The defendant's lack of legal status in the United States.
- Defendant was removed from the United States in September 2016, after serving a sentence of five years of imprisonment for his previous aggravated felony convictions related to the unlawful delivery of cocaine and using a communication facility to facilitate the crime of delivering cocaine. Defendant was found illegally in the United States on September 14, 2025.
- As of September 15, 2025, defendant had not submitted an application requesting permission to enter the United States before the United States Citizenship and Immigration Services ("USCIS"). Defendant has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

☒ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☒ The defendant's ties outside the United States.
- Defendant is a national and citizen of the Dominican Republic. Defendant was previously removed from the United States to the Dominican Republic in September 2016.

☒ The defendant's prior attempts to evade law enforcement.
- On January 17, 2010, defendant, being the driver of a vehicle involved in an accident resulting in damage to an operated vehicle, fail to immediately stop the vehicle at the scene of the accident or as close thereto as possible and/or did fail to return to the scene of the accident to give information or render aid. Thus, defendant was involved in a car accident and fled the scene.
- Defendant was removed from the United States in September 2016. Defendant has asserted he has resided in the United States for the past five years. Thus, defendant has been able to evade law enforcement for 5 years by entering and remaining in the United States illegally. Defendant has been able to evade law enforcement for a longer period of time than what he spent outside of the United States after being deported in September 2016.
- On September 14, 2025, defendant was encountered by law enforcement at an illegal cock fighting ring. Upon being approached by law enforcement, defendant fled into a high brush and muddy area and was eventually arrested for the instant offense.

☒ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☒ Further Considerations:
- The United States agrees with the recommendation included in the Pretrial Service Report (ECF No. 8) that there is no condition or combination of conditions that will reasonably assure the defendant's appearance as required.
- *See* Exhibit 1 for records of defendant's certified convictions.

W. Stephen Muldrow
United States Attorney

*s/ManuelMuniz Lorenzi*
Manuel Muniz Lorenzi
Assistant United States Attorney
USDC # G03304
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel: (787) 766-5656
ManuelMunizLorenzi@usdoj.gov

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

      *s/Manuel Muniz Lorenzi*
      Manuel Muniz Lorenzi
      Assistant United States Attorney