UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.                                              **CRIM. NO. 25-419 (SCC)**

**RAUL ROBERTO SUERO-TORRES,**
Defendant.

## THE UNITED STATES' SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

COMES NOW the United States of America, through the undersigned attorney, and submits this sentencing memorandum in aid of the Court for the purposes of sentencing the above-captioned defendant.

1. The United States Sentencing Recommendation

After due consideration of the factors enumerated in 18 U.S.C. § 3553, the United States recommends a sentence of imprisonment of 21 months to be followed by a supervised release term of 3 years.

2. Guideline Calculations in the Amended Pre-sentence Report (PSR)

After consideration of the charge and facts related to the above-captioned case, the United States Probation Office for the District of Puerto Rico established the following guideline calculations (ECF # 48):

**Count 1**: Re-entry of Removed Alien

| | |
|---|---:|
| **Base Offense Level**: The guideline for a violation of 8 U.S.C. § 1326(a) is USSG § 2L1.2. The base offense level is 8 pursuant to USSG § 2L1.2(a). | 8 |
| **Specific Offense Characteristics**: The defendant was first ordered removed from the United States on May 15, 2013. Before that - on November 7, 2012 - he was convicted of drug charges in Cr. Nos. CP-28-CR-0001945-2010, CP-28-CR-0002100-2010 and CP-28-CR-0002104-2010 and was sentenced to a maximum term of imprisonment of 84 months on some counts.[7] Therefore, a 10-level increase is warranted, pursuant to USSG § 2L1.2(b)(2)(A). | +10 |
| **Victim Related Adjustment**: None. | 0 |
| **Adjustment for Role in the Offense**: None. | 0 |
| **Adjustment for Obstruction of Justice**: None. | 0 |
| **Adjusted Offense Level (Subtotal)**: Eighteen. | 18 |
| **Chapter Four Enhancement**: None. | 0 |
| **Acceptance of Responsibility**: The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a). | -2 |
| **Acceptance of Responsibility**: The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. USSG §3E1.1(b). | -1 |
| **Total Offense Level**: Fifteen. | 15 |

3. Summary of Facts of Criminal Conduct (including undisputed portions of PSR)

On September 14, 2025, defendant was encountered by law enforcement agents while participating in an illegal cock fighting ring. Defendant ran away from law enforcement agents and entered a high brush and muddy area. Defendant was arrested after being found hiding in the brush. Agents requested his name and identification. Defendant identified

himself, stated he is from the Dominican Republic, and that he did not have any identification. Defendant was arrested and transported to an Enforcement Removal Operations (ERO) Office in San Juan, for further processing.

Record checks revealed that Mr. Suero-Torres was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, or a valid unexpired passport, or any suitable document of identity and nationality to enter, pass through, or remain in the United States. HSI determined that defendant was inadmissible to the United States. He was administratively detained for further processing.

On September 17, 2025, HSI agents interviewed defendant. He admitted that he was illegally present in the United States. He first entered the United States near Rincón, PR in a yawl type vessel in 1995. Further, he moved to Pennsylvania in 2012 with his wife and two children. He was sentenced to 5 years of imprisonment for a drug case and was deported back to Dominican Republic after serving his imprisonment sentence. He reentered the United States near Aguadilla, PR in a yawl after being deported. Lastly, during the operation, he ran and tried to hide from the immigration agents, until he was detected and eventually arrested.

Record checks revealed defendant's immigration and criminal history:

- On June 17, 2002, defendant adjusted his status to that of Lawful Permanent Resident.

- On November 7, 2012, defendant was convicted of unlawful delivery of controlled substances, an aggravated felony, and criminal use of communication facility.

- On May 15, 2013, defendant was ordered removed by an Immigration Judge.

- On September 20, 2016, defendant was removed from the United States to the Dominican Republic.

Record checks also revealed that as of September 15, 2025, defendant had not applied for or obtained permission to enter the United States and did not have any immigration documents allowing him to be in the United States. Further investigation confirmed that on September 15, 2025, he was a national and citizen of the Dominican Republic, was found illegally in the United States after being previously removed from the United States after an aggravated felony conviction, had not been admitted, inspected, or paroled into the United States by an immigration officer, and had not presented himself at a designated port of entry for inspection.

4. <u>Sentencing Procedure, 18 U.S.C. § 3553 Factors (including plea justification)</u>

District courts should follow a standard procedure when sentencing defendants. That standard was set forth in *Gall v. United States*, 552 U.S. 38 (2007). According to that precedent, the district court's "starting point" is to determine the advisory sentencing range under the Guidelines. *Id.* at 49. That includes resolving any objections to the presentence report. *United States v. Laureano-Perez*, 797 F.3d 45, 80 (1st Cir. 2015). The parties then present their arguments on what they believe is the appropriate sentence. *Gall*, 552 U.S. at 49. After that, the district court must weigh the factors in section 3553(a) to determine whether they support the sentences requested by the parties. *Id.* A district court errs in performing this procedure by treating the Guidelines as obligatory rather than advisory, *id.* at 51, or presumptively reasonable, *United States v. Nelson*, 555 U.S. 350, 352 (2009) (per curiam). The district court is required to provide an explanation for the sentence it determines is appropriate; that allows for meaningful appellate review and promotes the perception of fair sentencing. *Gall*, 552 U.S. at 50.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court must consider the following factors when imposing a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established ...

(5) any pertinent policy statement—

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

5. <u>Applicable Guidelines Range</u>

According to the PSR, defendant has a Criminal History Category of II. Based upon a total offense level of 15 and a Criminal History Category of II, the guideline imprisonment range is 21 to 27 months.

6. Conclusion

The United States submits that a sentence of imprisonment of 21 months to be followed by a supervised release term of 3 years is sufficient but not greater than necessary to achieve the sentencing goals in this case.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 24th day of February 2026.

> W. Stephen Muldrow
> United States Attorney
>
> s/ *Manuel Muñiz-Lorenzi*
> Manuel Muñiz-Lorenzi
> USDC # G03304
> Assistant United States Attorney
> 350 Chardón Ave, 1201
> San Juan, Puerto Rico 00918
> Manuel.Muniz.Lorenzi@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

> s/ *Manuel Muñiz-Lorenzi*
> Manuel Muñiz-Lorenzi
> Assistant United States Attorney